UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL C. ROWE,

                Plaintiff,

      v.

SHERIFF TY TRENARY, *et al*.,

                Defendants.

Case No. C17-0805-RAJ-MAT

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
PLAINTIFF LEAVE TO AMEND

Plaintiff Michael Rowe has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

(1)     Plaintiff is currently confined at the Snohomish County Jail in Everett, Washington. (*See* Dkt. 1-1 at 2.) The claims asserted by plaintiff in this action arise out of his arrest on March 6, 2017 on bench warrants which had been quashed by the Snohomish County Superior Court earlier that same day. According to plaintiff, he went to court on March 6, 2017 and had two outstanding bench warrants quashed but approximately eight hours later, following a traffic stop, he was arrested on those same warrants. (Dkt. 1-1 at 3.) Plaintiff asserts that the Clerk of the Snohomish County Superior Court caused his "false arrest and false imprisonment" by failing to

timely enter the information regarding the quashed warrants into the NCIC computer.  (*Id*.)

Plaintiff further asserts that the police officer who effectuated the traffic stop which resulted in his arrest failed to review the court papers in plaintiff's possession showing that the warrants had been quashed, and took plaintiff to jail.  (*Id*.)  Plaintiff alleges that the police officer's actions constituted a false arrest and resulted in plaintiff's false imprisonment.  (*Id*.)  Finally, plaintiff asserts that for approximately one day, no one at the Snohomish County Jail would listen to his explanation about the warrants having been quashed, but that once he found an officer who would listen to his explanation a court appearance was scheduled and he was released later that same day.  (*Id*.)  Plaintiff alleges that he was held in jail past the time when they knew he didn't actually have any warrants, and that this constituted false imprisonment.  (*Id*.)

Plaintiff identifies Snohomish County Sheriff Ty Trenary, Snohomish County Superior Court Clerk Sonya Kraski, and Bothell Police Officer Briels as defendants in this action.  (*See id*. at 2-3.)  Plaintiff seeks monetary relief, and an order directing the Snohomish County Superior Court to enter information regarding new and quashed warrants into its computer system in a more timely fashion.  (*Id*. at 4.)

(2)	In order to sustain a cause of action under §1983 a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694

(1978). Rather, a plaintiff must allege that a defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

(3)     The Court declines to order that plaintiff's complaint be served on defendants because the complaint is deficient in the following respects:

(a)     While plaintiff alleges in his complaint that the defendants' actions resulted in his false arrest and false imprisonment, he fails to specifically allege that defendants violated a federal constitutional right.  Moreover, the facts thus far alleged by plaintiff do not appear to implicate federal constitutional concerns.  Plaintiff is advised that mere negligence does not give rise to a cause of action under § 1983.  If plaintiff wishes to proceed with this action, he must identify the federal constitutional right which he believes was violated by the conduct of each defendant, and he must allege facts demonstrating that he suffered some harm of federal constitutional dimension.

(b)     Plaintiff identifies Snohomish County Sheriff Ty Trenary as a defendant in this action, but he fails to allege any specific claim against this defendant in the body of his complaint. It appears that plaintiff may be seeking to have Sheriff Trenary held liable for the actions of employees at the Snohomish County Jail based solely on his supervisory position.  As noted above, this is not permissible in an action brought under § 1983.

(c)     Plaintiff identifies the Clerk of the Snohomish County Superior Court as a defendant in this civil rights action, but he fails to demonstrate that this defendant is subject to suit under § 1983.  The United States Court of Appeals for the Ninth Circuit has held that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  The processing of court orders, such as those quashing warrants, would appear to be a task that is "an integral part of the judicial process."  If plaintiff

wishes to proceed against the Clerk of the Snohomish County Superior Court, he must not only identify a viable constitutional claim, he must demonstrate that this individual is not entitled to immunity in this action.

(4)     Plaintiff may file an amended complaint curing the above noted deficiencies within **thirty (30) days** of the date on which this Order is signed.  The amended complaint must carry the same case number as this one.  If no amended complaint is timely filed, the Court will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(5)     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this <u>8th</u> day of June, 2017.


_____
Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 4